**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DANIEL G. SHAY**
DANIEL G. SHAY (SBN 250548)
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
*DanielShay@TCPAFDCPA.com*
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOI NGUYEN, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No.: **'16 CV 2805 DMS MDD**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.* AND CALIFORNIA PENAL CODE §§ 632.7 *ET SEQ.***<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      Khoi Nguyen ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Credit Control, LLC ("Defendant"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA") and for recording telephone conversations with Plaintiff without consent, in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632.7 ("CIPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

2.      Defendant Credit Control, LLC is a company that specializes in debt collection.

3.      In an effort to collect on past-due accounts, Defendant repeatedly contacts individuals on their cellular phone, without their consent, using automatic telephone dialing equipment having the capacity to store and dial telephone numbers.  As a result, Defendant has repeatedly violated the TCPA.  Further, Defendant records such confidential communications without consent in violation of CIPA.

4.      The TCPA was enacted to protect consumers from unauthorized and repeated calls exactly like those alleged in this Complaint – autodialed calls to cellphone numbers, placed without consent, and continued even after receiving requests to stop.

5.      CIPA was also enacted to protect consumers from a violation of their privacy, requiring that a party warn an individual if a call is to be monitored or recorded. Defendant violated Plaintiff's constitutionally protected privacy rights by

failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the calls would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording

6.     Defendant's violations caused Plaintiff and the members of the putative Classes (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy, as well as a violation of their statutory rights.

7.     Plaintiff and members of the Classes suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

8.     In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messaging, cease recording conversations with consent of the parties, and award actual and statutory damages to the members of the putative Classes, together with costs and reasonably attorneys' fees.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each violation of the TCPA and $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

11.     This court has supplemental jurisdiction under 28 U.S.C. § 1367, as the CIPA claims alleged herein are part of the same case or controversy as the TCPA

claims.

12.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California and is licensed in California as entity number 2001129110138.  Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

13.     Plaintiff Khoi Nguyen is, and at all times mentioned herein was, a resident of the State of California, County of San Diego.  He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32) and Cal. Pen. Code § 632(b).

14.     Defendant is a company that specializes in debt collection and maintains its principal place of business at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 and maintains an agent for service of process in California with CT Corporation Systems, 818 West Seventh St. 2nd Floor, Los Angeles CA 90017, and is a "person" as defined by 47 U.S.C. § 153 (32) and Cal. Pen. Code § 632(b).

15.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S.C. §§ 227 *ET SEQ.***

16.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47

3

U.S.C. § 227,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

17.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

18.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

19.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and pre-recorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

4

transaction that resulted in the debt owed."[5]

20.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute.

### FACTUAL ALLEGATIONS

21.    On September 7, 2016, Plaintiff received an unsolicited telephone call from Defendant to his cellular telephone for which Plaintiff provided no prior express consent to call, in attempt to collect an alleged debt owed.  Plaintiff told Defendant that he is represented by Daniel G. Shay ("Attorney") and directed Defendant to stop calling him and contact Attorney.  The telephone number that placed the unsolicited telephone call to Plaintiff, 866-383-9209, is owned by Defendant.

22.    On, September 13, 2016, Plaintiff through Attorney sent a Cease and Desist Letter to Defendant on behalf of Plaintiff stating he "hereby revokes any prior express consent that may have been given to receive telephone calls, especially to Client's cellular telephone, from an automated telephone dialing system or an artificial or pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 USC § 227 et seq".

23.    However, despite revocation of any possible prior express consent to be contacted on Plaintiff's cellular telephone, on September 20, 2016, Plaintiff received an unsolicited telephone call from Defendant to his cell phone for which Plaintiff provided no consent to call, in attempt to collect an alleged debt owed.  The telephone number that placed the unsolicited telephone call to Plaintiff, 866-383-9209, is owned by Defendant.  When Plaintiff answered the call he again told Defendant to stop calling him because he is represented by Attorney and directed Defendant to contact Attorney.

---

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

24.     On September 22, 2016, Plaintiff received another unsolicited telephone call from Defendant to his cellular telephone for which Plaintiff provided no consent to call, in attempt to collect an alleged debt owed.  The telephone number that placed the unsolicited telephone call to Plaintiff, 866-383-9209, is owned by Defendant. There was a long delay when Plaintiff answered before anyone responded.  Immediately, Defendant's agent asked Plaintiff to verify the account. The agent asked for Plaintiff's partial social security number and then asked for his date of birth.  After confirming Plaintiff's identity via the confidential information requested, the agent advised Plaintiff that the call was recorded.  Angered about the call and lack of communication regarding the call being recorded, Plaintiff advised Defendant's agent to no longer contact him and to contact his attorney.

25.     On September 29, 2016, Plaintiff received another unsolicited telephone call from Defendant to his cellular telephone.  The telephone number that placed the unsolicited telephone call to Plaintiff, 888-401-9025, is owned by Defendant.  Defendant asked for Trinity Nguyen ("Trinity").

26.     Plaintiff advised Defendant he had not spoken to Trinity in years and again advised Defendant to stop calling his cell phone.

27.     The unsolicited calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or pre-recorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

28.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

29.     The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

*Nguyen v. Credit Control, LLC*
CLASS ACTION COMPLAINT

30.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

31.     The telephone calls by Defendant, or its agents, therefore violated 47 U.S.C. § 227(b)(1).

32.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

33.     The calls were confidential communications that Plaintiff did not desire to be recorded by Defendant.  The telephone calls between Plaintiff and Defendant's representative concerned personal information that Plaintiff had not openly discussed with others.

34.     Unbeknownst to Plaintiff, the calls between Plaintiff and Defendant were recorded by Defendant without Plaintiff's knowledge or consent.

35.     Plaintiff provided confidential information during the recorded call.

36.     At the commencement of the call, Defendant did not warn Plaintiff that the calls between them would be recorded and Plaintiff never gave consent for the calls to be recorded until after confidential information was discussed.

37.     Plaintiff did not hear intermittent beeping sounds during the calls that may have alerted Plaintiff that the calls were being recorded.

38.     Plaintiff was completely unaware that Defendant was recording the calls.

39.     Reasonable California residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call/s, since call recording advisements given at the outset of telephonic communications with businesses are ubiquitous today.

40.     Due to the lack of a recording advisement at the outset of the telephone calls, Plaintiff reasonably believed and expected that Defendant was not secretly

recording the telephone conversations with Plaintiff, which concerned an alleged debt.

41.   California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]".  California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation and injunctive relief.

42.   This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

43.   Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded parts of communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

44.   Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the calls would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

45.   Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of verifying accounts during outbound calls by discussing private social security numbers and dates of birth, prior to letting the call recipients know that the calls were recorded.

Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

46. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording California consumers prior to providing any disclosure/s and/or warning/s as to said recording/s on its outbound calls.

47. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

48. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had all of its calls with the public, including those with California residents, parts of which were recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

49. Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

50. Defendant concealed from Plaintiff, and similarly situated California residents, that Defendant was recording the telephone outbound calls between itself on the one hand and Plaintiff and other similarly situated California residents on the other until midway through the telephone calls.

51. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded. At the outset of the calls there was no warning that the calls were, or even may be, recorded.

52. As a result thereof, Plaintiff and the class have been damaged as set

forth in the Prayer for Relief herein.

53.     Plaintiff seeks statutory damages for himself and the class and injunctive relief under California Penal Code § 637.2.

### TCPA CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the TCPA Class" or "the Class").

55.     Plaintiff represents, and is a member of, the Class defined as follows:

> **TCPA Class**: Any person in the United States who (1) Defendant or its agents placed a call; (2) to that person's cellular telephone number; (3) through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such call or where the individual revoked consent, within four years prior to the filing of the Complaint through the date of final approval.

56.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

57.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

58.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request

10

any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

59.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

60.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

b.  Whether the equipment Defendant, or its agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

c.  Whether Defendant, or its agents, systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

d.  Whether Defendant, or its agents, systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

e.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

*Nguyen v. Credit Control, LLC*
CLASS ACTION COMPLAINT

     f.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

61.     As a person that received at least one unsolicited telephone call to his cellular telephone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

62.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few Class members could afford to individually seek legal redress for the wrongs complained of herein.

63.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

64.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

65.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CIPA CLASS ALLEGATIONS

66.     Plaintiff also brings this action on behalf of himself and on behalf of all

other similar situated ("the CIPA Class").  Because Plaintiff's cellular phone calls were recorded, the representative Plaintiff represents, and is a member of the Class he seeks to represent, persons whose cellular telephone calls were recorded by Defendant in the Class Period from one year prior to the filing of this Complaint through the date of trial, with the CIPA Class and Subclasses defined as follows:

> **CIPA Class:** All persons from one year prior to the filing of this Complaint through the date of trial that were physically in California at the time the persons, or entities, through their employees and agents, engaged in telephone conversations with Defendant, their employees, agents or other persons working on Defendant's behalf, which were recorded by Defendant, their employees and agents, while engaging in such communication using a cellular telephone, prior to consenting to such recording.

67.    Defendant, and its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

68.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to modify or expand the definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

69.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records and/or Defendant's agent's records.

70.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and

13

fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

    a. Whether Defendant has a policy of recording its calls;

    b. Whether Defendant discloses to California consumer/s and/or obtains their consent that Defendant's telephone conversations were recorded at the outset of the conversation;

    c. Whether Defendant recorded its telephone conversations with persons in California while those persons were on a cellular telephone;

    d. Whether Defendant's policy of recording all of its calls without the required call recording disclosure constituted a violation of California Penal Code § 632.7;

    e. Whether Defendant should be enjoined from engaging in such conduct in the future; and,

    f. Whether Plaintiff and Class members are entitled to any other relief.

71.    Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

72.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in handling class actions and claims under California's Invasion of Privacy Act to further ensure such protection.

73.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the

1    wrongs complained of herein.

2    74.    A class action is a superior method for the fair and efficient adjudication

3    of this controversy.  Class-wide damages are essential to induce Defendant to

4    comply with federal and California law.  The interest of the Class members in

5    individually controlling the prosecution of separate claims against Defendant is

6    small because the maximum statutory damages in an individual action for violation

7    of privacy are minimal.  Management of these claims is likely to present significantly

8    fewer difficulties than those presented in many class actions.

9    75.    Defendant has acted on grounds generally applicable to the Class,

10   76.    Californians have a constitutional right to thereby making appropriate

11   final injunctive relief and corresponding declaratory relief with respect to the Class

12   as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF

### THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 ET SEQ.

17   77.    Plaintiff incorporates by reference all of the above paragraphs of this

18   Complaint as though fully stated herein.

19   78.    The telephone calls were made using equipment that, upon information

20   and belief, had the capacity to store or produce telephone numbers to be called, using

21   a random or sequential number generator, and to dial such numbers.  By using such

22   equipment, Defendant was able to effectively make thousands of phone calls

23   simultaneously to lists of thousands of wireless phone numbers of consumers

24   without human intervention.  The telephone calls were made without the prior

25   express consent of the Plaintiff and other members of the Class to receive such

26   telephone calls.

27   79.    The foregoing acts and omissions of Defendant and its agents constitute

28   numerous and multiple negligent violations of the TCPA including, but not limited

to, each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

80.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

81.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

82.     Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

83.     The telephone calls were made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

84.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

85.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

86.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**

**UNLAWFUL INVASION OF PRIVACY**

**CALIFORNIA PENAL CODE SECTION 632.7**

87.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.   In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy.   Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *See Kearney v. Salmon Smith Barney, Inc*., (2006) 39 Cal. 4th 95, 125.

89.     California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording any part of the conversation without the knowledge or consent of the other party, where a cellular telephone is involved.  Cal. Pen. Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.  The only intent required by Cal. Pen. Code § 632.7 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

17

90.     Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

91.     Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to record each and every one of Defendant's telephone conversations over said telephone lines.

92.     Said recording equipment was used to record Defendant's telephone conversations with Plaintiff and the members of the Class, all in violation of California Penal Code § 632.7.

93.     Defendant or any employees, agents, managers, officers, or directors of Defendant, and any other person, failed to inform Plaintiff or any other member of the Class, at the outset of Defendant's telephone conversations, that the recording of the telephone conversations were taking place, and at no time did Plaintiff or any other member of the Class consent to this activity.

94.     If any consent and/or disclosure were given, such disclosure/s and/or consent was not at the inception of the call/s.

95.     Defendant, knowing that it was unlawful and a violation of Plaintiff's and Class members' right to privacy and a violation of California Penal Code § 630, et seq., intruded on Plaintiff's and Class members' right to privacy by intentionally engaging in recording activities relative to the telephone conversations between Plaintiff and the Class on the one hand, and Defendant on the other hand, as alleged herein.

96.     Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

97.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorneys' fees pursuant to the private attorney general doctrine codified in Code of

Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATION OF**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

98.    As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

99.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

100.    Any other relief the Court may deem just and proper including attorney fees and costs.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATION OF**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

101.    As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

102.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

103.    Any other relief the Court may deem just and proper including attorney fees and costs.

### THIRD CAUSE OF ACTION
### UNLAWFUL INVASION OF PRIVACY
### CALIFORNIA PENAL CODE SECTION 632.7

104.   As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of Cal. Pen Code § 637.2(a), Plaintiff seeks for himself and each Class member the greater of $5,000.00 for each and every violation or three times actual damage per violation, pursuant to Cal. Pen Code § 637.2(a).

105.   Pursuant to California Penal Code § 637.2(a), injunctive relief prohibiting such conduct in the future.

106.   Any other relief the Court may deem just and proper including attorney fees and costs.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 15, 2016

s/ Ronald A. Marron
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
*kas@consumersadvocates.com*
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

s/ Daniel G. Shay
By: Daniel G. Shay
**LAW OFFICES OF DANIEL G. SHAY**
DANIEL G. SHAY (SBN 250548)
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
*DanielShay@TCPAFDCPA.com*
Telephone: (619) 222-7429

*Attorneys for Plaintiff and the
Proposed Class*